UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RANGE OF MOTION PRODUCTS LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE ARMAID COMPANY INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:22-cv-00091-JDL |

**<u>Joint List of Proposed Claim Constructions and Citations to Evidence</u>**

Pursuant to the Amended Scheduling Order (ECF No. 33) Plaintiff, Range of Motion Products LLC ("RoM"), and Defendant, The Armaid Company Inc. ("Armaid"), hereby submit their joint statement of proposed claim constructions and evidentiary citations supporting said constructions for United States Patent No. D802,155 S ("D'155 Patent").

**Proposed Claim Constructions For The D'155 Patent**

| **RoM's Construction** | **RoM's Supporting Evidence** | **RoM's Rebuttal Evidence** | **Armaid's Construction** | **Armaid's Supporting Evidence** | **Armaid's Rebuttal Evidence** |
|---|---|---|---|---|---|
| The ornamental design for a body massaging apparatus, as shown in Figs. 1-8, excluding only the material depicted in dashed lines. The material depicted in solid lines is ornamental and not dictated by the function of the body massaging apparatus. | • D'155 Patent (Ex. 1)<br><br>• Armaid1 (Ex. 2)<br><br>• Ex. 1, 1: "The *ornamental design* for a body massaging apparatus, as shown and described." (emphasis added).<br><br>• Ex. 1, 1: "Dashed lines indicate material disclaimed from the invention and are for purposes of illustration only."<br><br>• *Compare* Exs. 1 and 2:<br><br>The Armaid1 is both prior art providing boundaries for the scope of the present claim and evidence of possible alternative designs for certain features shown in the D'155 Patent. | • *See* RoM's Supporting Evidence.<br>• RoM's proposed construction is consistent with RoM's infringement contentions. *See* ECF 43-14 at 2.<br>• RoM may need to rely on expert testimony on the limited question of the availability of alternative designs for the D'155 Patent. This expert testimony would only be necessary if Armaid claims the D'155 Patent's design is primarily functional. In other words, RoM would not be relying on expert testimony to advance its own position, but rather to counter specific assertions that Armaid may make during claim construction. | **Proposed construction:**<br><br>Plain meaning.<br><br>**Objections to RoM's proposed construction:**<br><br>RoM's proposed construction is inconsistent with RoM's infringement contentions. See ECF 43-14 at 2.<br><br>RoM did not timely disclose any expert, and so may not rely on expert testimony. *See* ECF 14 at 2.<br><br>RoM did not timely serve evidence in support of its construction on Armaid, *see* ECF 33 at 1, and so may not rely on evidence not timely identified. | D'155 Patent (Ex. 1), Claim; Description; Figs. 1-8. | "The ornamental design for a body massaging apparatus, as shown in Figs. 1-8…"<br><br>This statement is incomplete. *See* D'155 Patent, Claim ("The ornamental design for a body massaging apparatus, as shown and described.").<br><br>"excluding only the material depicted in dashed lines:"<br><br>The intrinsic evidence does not support the assertion that *only* the material in dashed lines is excluded from the claim. *See* D'155 Patent, Description ("Dashed lines indicate material disclaimed from the invention and are for purposes of illustration only.").<br><br>The extrinsic evidence does not support this assertion. *See* ECF 43 ¶¶ 1-38, ECF 43-1 to 43-15.<br><br>"the material depicted in solid lines is ornamental and not dictated by the function of the body massaging apparatus:"<br><br>The intrinsic evidence does not support this statement. |

| **RoM's Construction** | **RoM's Supporting Evidence** | **RoM's Rebuttal Evidence** | **Armaid's Construction** | **Armaid's Supporting Evidence** | **Armaid's Rebuttal Evidence** |
|---|---|---|---|---|---|
| | | • RoM's evidence in support of its construction is only the intrinsic evidence found in the D'155 Patent and the prior art design of the Armaid1, both of which were readily available to Armaid before exchange of the parties' claim construction positions.<br>• To the extent that Armaid maintains that the design claimed in the D'155 Patent is primarily functional, RoM maintains that "[t]he material depicted in solid lines is ornamental and not dictated by the function of the body massaging apparatus." | RoM's proposed construction improperly introduces a conclusion of law regarding the validity of the claim of the D'155 Patent into its construction. | | *See* D'155 Patent, Claim; Description; figs. 1-8.<br><br>The extrinsic evidence does not support this statement. *See* ECF 43 ¶¶ 1-38, ECF 43-1 to 43-15. |

Respectfully submitted,
Attorneys for Plaintiff
**Range of Motion, LLC**

Dated: January 31, 2023

/s/ Brendan M. Shortell
Brendan M. Shortell, Esq. (PHV)
shortell@lambertpatentlaw.com

/s/ Justin P. Tinger
Justin P. Tinger, Esq. (PHV)
tinger@lambertpatentlaw.com

Gary E. Lambert, Esq.
Maine Bar No. 006606
Lambert Shortell & Connaughton
100 Franklin Street, Suite 903
Boston, MA 02110
Main: (617)-720-0091

Attorneys for Defendant
**The Armaid Company, Inc.**

*/s/ David Swetnam-Burland*
Peter J. Brann
Stacy O. Stitham
David Swetnam-Burland
Brann & Isaacson
113 Lisbon St., P.O. Box 3070
Lewiston, ME 04243-3070
(207) 786-3566
pbrann@brannlaw.com
sstitham@brannlaw.com
dsb@brannlaw.com

**CERTIFICATE OF SERVICE**

I, Brendan M. Shortell, certify that a true and accurate copy of the foregoing document was filed through the Court's ECF system on January 31, 2023.

/s/ Brendan M. Shortell
Brendan M. Shortell