UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RANGE OF MOTION PRODUCTS LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   1:22-cv-00091-JDL<br>) |
| THE ARMAID COMPANY INC., | )<br>) |
| Defendant. | ) |

**ORDER DENYING THE PLAINTIFF'S MOTION FOR LEAVE TO FILE ADDITIONAL EVIDENCE**

On April 8, 2022, Plaintiff Range of Motion Products LLC ("ROM") filed a Complaint against the Defendant, The Armaid Company Inc. ("Armaid"), alleging infringement of a design patent (ECF No. 1). Armaid has moved for summary judgment (ECF No. 42), and the parties have completed briefing on summary judgment and patent claim construction.

After the Court held oral argument on Armaid's Motion for Summary Judgment, ROM filed a Motion for Leave to File Additional Evidence (ECF No. 65). ROM seeks leave to supplement the summary judgment record "by filing an email chain from 2017 between Terry Cross and Mack Mor discussing how to design the [Armaid2]," as well as a photograph attached to the email chain that purportedly depicts the prototype for the Armaid2 that uses the frame of the Rolflex—the commercial embodiment of ROM's design patent—as a starting point in

1

development.[1] ECF No. 65 at 2. According to ROM, this additional evidence provides support for its assertion with respect to a "critically disputed fact": whether Terry Cross developed the Armaid2 by making changes to the Armaid1 or whether he developed it by making changes to the Rolflex and using the specifications for the molds of the Rolflex. ECF No. 65 at 2. Armaid opposes ROM's motion, arguing that ROM's failure to include this email chain and photograph in the existing evidentiary record is a product of its own dilatoriness (ECF No. 67).

Under Fed. R. Civ. P. 56(e)(1), the Court "has the discretion to give a party the opportunity to 'properly support an assertion of fact.'" *Kam-O'Donoghue v. Tully*, No. 16-11054-MLW, 2018 WL 2739930, at *1 (D. Mass. Mar. 16, 2018) (quoting Fed. R. Civ. P. 56(e)(1)). However, this relief is only appropriate "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact." Fed. R. Civ. P. 56(e).

In this case, the requested relief is inappropriate because ROM has previously supported its denial of the fact in dispute. Specifically, Armaid asserted in its Statement of Material Facts that "Cross made changes in the Armaid1 to create Armaid2 based on customer feedback to improve its functionality, and thus the design differences between the Armaid1 and the Armaid2 were based on functional considerations." ECF No. 43 at 8, ¶ 23. ROM denied this statement, asserting that Cross instead based the Armaid2 on the Rolflex and/or even used the specifications for the Rolflex molds to create the Armaid2. ROM supported this denial with citations to the declarations of Brian Stahl, which provide adequate support for

---

[1] ROM did not attach the email chain or photograph to its motion.

ROM's assertion.  ROM seems to concede that its proposed additional evidence is not necessary to support its denial, noting in its Reply brief that the additional evidence sought to be introduced "*confirms* Mr. Stahl's statements are true." ECF No. 69 at 2 (emphasis added).

Because ROM's denial is already supported by record evidence, ROM has failed to demonstrate a need to introduce additional evidence to properly support its assertion with respect to the dispute about the origin of the Armaid2.[2]  This conclusion is bolstered by the lateness of ROM's request: the parties have already exchanged multiple rounds of briefing on both summary judgment and claim construction—most of which, by ROM's own admission, were filed after it received the email chain and photograph in discovery.

Accordingly, the Plaintiff's Motion for Leave to File Additional Evidence (ECF No. 65) is **DENIED**.

**SO ORDERED.**

**Dated:  May 16, 2023**

                                                           /s/ JON D. LEVY
                                             **CHIEF U.S. DISTRICT JUDGE**

---

[2] I do not decide in this Order whether the dispute over whether Terry Cross based the Armaid2 on the Armaid1 or the Rolflex is material to the disposition of Armaid's Motion for Summary Judgment. *See Rando v. Leonard*, 826 F.3d 553, 556 (1st Cir. 2016) (noting that a fact is material if "its existence or nonexistence has the potential to change the outcome of the suit" (quoting *Borges ex rel. S.M.B.W. v. Serrano-Isern*, 506 F.3d 1, 5 (1st Cir. 2010))).  That determination will be made when the Court rules on Armaid's Motion for Summary Judgment.